IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EDWARD J. BEQUETTE                                                                                    PETITIONER
REG. #05464-025

V.                                        NO.  2:08cv00126 JWC

T.C. OUTLAW, Warden,                                                                                 RESPONDENT
FCI, Forrest City, AR

ORDER

By previous order (doc. 13), this 28 U.S.C. § 2241 action was stayed pending a decision by the Eighth Circuit Court of Appeals in *Gatewood v. Outlaw*, No. 08-2197 (8th Cir. filed May 29, 2008).  Like this case, *Gatewood* concerns the Bureau of Prison's categorical disqualification of certain prisoners from the Residential Drug Abuse Program (RDAP) and, if disqualified persons are admitted into the program, from consideration of their early release upon successful completion.

Petitioner, currently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, asserts he has been advised that he has been selected for the RDAP but will be transferred to the Federal Prison Camp in Duluth, Minnesota to participate.  He has filed a motion to enjoin the transfer prior to a decision in *Gatewood* (doc. 14), to which Respondent objects (doc. 15).  Petitioner says he does not want to participate in the program without knowing whether he will be eligible for early release after completion.  He wants to stay in Forrest City where he has a good job in the prison's furniture factory, has been able to send regular financial support to his family, and is close enough for them to visit regularly.

Petitioner's motion cites no legal authority for enjoining the transfer. The law is clear that a prisoner has no constitutional right to be placed in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 n.3 (10th Cir. 1992). Congress has given federal prison officials full discretion to control matters of housing and classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see* 18 U.S.C. § 3621(b) (BOP is authorized to "designate the place of [a federal] prisoner's imprisonment," which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] ... [and] that the [BOP] determines to be appropriate and suitable;" BOP "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another"). Absent an allegation and evidence of abuse or a constitutional violation, this Court will not interfere in the BOP's transfer decision.

Petitioner's motion to stay his transfer (doc. 14) is **denied**.

IT IS SO ORDERED this 3rd day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE